[Civ. No. 25513. Second Dist., Div. Four. Apr. 19, 1962.]

SOLEDAD NEVAREZ, Plaintiff and Respondent, v. NELLIE J. NEVAREZ, Defendant and Appellant.

[Civ. No. 25514. Second Dist., Div. Four. Apr. 19, 1962.]

NELLIE J. NEVAREZ, Plaintiff and Appellant, v. ELIZABETH SOTO, Defendant and Respondent.

Lyle W. Rucker for Appellant.

David C. Marcus for Respondents.

BALTHIS, J.—This case presents the typical and somewhat frequent problem involved in interpreting the effect of a deed given by one member of a family to another while seriously ill.

Briefly, the facts alleged and found by the court may be summarized as follows: In 1949 the mother, Soledad Nevarez, was ill and was advised she would have to undergo major surgery. She was of Mexican extraction, spoke only the Spanish language and was unable to read, write or speak English. She owned a parcel of real property where she resided, having owned the same since 1941. Soledad Nevarez had several children including a son, Solomon. Having confidence and trust in her son, she desired to place the title to her home in the name of her son Solomon so that in the event she did not recover from her surgery he should upon her death divide the property equally between all of her surviving children. She further advised her son that in the event she did survive the surgery then the property should remain as her own property. On February 14, 1949, the son Solomon and his wife, Nellie J. Nevarez, took the mother Soledad to an attorney and the attorney, after conferring in English with Solomon, prepared the document and presented it to Soledad for her signature. The son represented to his mother that this deed would carry out her wishes and, relying upon the statements of her son, Soledad executed the document and it was recorded on February 14, 1949. This document was a deed absolute and conveyed title to the premises to her son Solomon as his sole property reserving a life estate to Soledad Nevarez.

Soledad underwent major surgery in July 1949 and fully recovered therefrom. In 1951 the son Solomon needed funds to engage in a business venture and Soledad, Solomon and the wife Nellie executed a note and trust deed on the property for the amount of $2,700. These funds were used by the son Solomon. In December 1952 Solomon conveyed title to the property to his wife, Nellie J. Nevarez, and subsequently, in April 1956, the son Solomon died. His wife Nellie did not know the property had been conveyed to her by her husband until subsequent to his death. The encumbrance on the property at the time of Solomon's death had been paid down

to the amount of $942. The mother Soledad, after the death of her son Solomon, and in connection with the payment of taxes on the property in the year 1956, discovered the facts about the true nature of the deed she had executed in 1949 and also about the conveyance of the property by Solomon to his wife Nellie. Upon such discovery and in the same year, 1956, she filed an action against Nellie J. Nevarez to quiet title to her property. The encumbrance being in default, a daughter of Soledad, Elizabeth Soto, paid off the balance due on the note and trust deed and took an assignment of the same. Before the trial of the main action (*Soledad Nevarez* v. *Nellie J. Nevarez*), another action in the Superior court was filed entitled *Nellie J. Nevarez* v. *Elizabeth Soto,* which involved the encumbrance on the property and, in effect, sought to quiet title to the property in the name of Nellie J. Nevarez and sought relief in the way of payment of the encumbrance then held by Elizabeth Soto. This second action brought by Nellie J. Nevarez is essentially secondary to the other and involves the same issues as to the effect of the deed originally given by the mother to her son Solomon. While the two actions involved were consolidated for trial and appeals are taken from the judgments in both cases, for convenience the cases will be discussed on the basis of the principal action filed (*Soledad Nevarez* v. *Nellie J. Nevarez*).

The case was tried in July 1960 by the court sitting without a jury and after the trial of the cause and upon motion of the plaintiff Soledad the trial court granted plaintiff leave to file an amended complaint to conform to proof. Defendant moved for an order denying the filing of such amended complaint and also filed a demurrer. After denying the motion and overruling the demurrer, the trial court found in favor of plaintiff Soledad and rendered judgment decreeing that defendant Nellie J. Nevarez holds title to the property as constructive trustee for plaintiff. In the related action the court denied plaintiff Nellie J. Nevarez the right to quiet title to the property and held that the defendant Elizabeth Soto was the owner of the encumbrance mentioned. Defendant Nellie J. Nevarez (hereafter referred to as defendant) appealed from the judgment rendered in both actions.

Defendant first contends that the trial court erred in permitting the filing of the amended complaint to conform to proof. This contention is based upon the argument that such amended complaint does not state facts sufficient to constitute a cause of action and also that it does not actually conform

to the proof adduced at the trial. Both of these points are without merit.

 Upon the trial of the case the court correctly held that the proper theory of plaintiff's cause of action was one for the decreeing of a constructive trust rather than one to quiet title. Plaintiff, holding only a legal life estate in the property, could not quiet title to the fee or remainder interest in the property without first establishing her equitable interest under a constructive trust.

 The trial court has the discretion to permit amended pleadings to conform to proof adduced at the trial. The rule is stated in *Rieger* v. *Rich*, 163 Cal.App.2d 651 [329 P.2d 770], at page 666, as follows: "Appellants rest a claim of prejudicial error upon the action of the trial court in permitting respondents over objection, to file an amended complaint to conform to proof after the trial had been concluded. Conceding that the amended complaint raised issues not framed by the original pleadings, it did plead issues raised by the evidence and which were treated as such during the trial. The granting or denial of permission to file amendments to pleadings to conform to proof rests largely in the discretion of the trial court. The reason therefor is obvious and is intended to insure, as far as possible, that substantial justice is done by a liberal construction of the rule. When the amended complaint filed herein is compared with the evidence adduced at the trial, we are satisfied that there was no abuse of discretion on the part of the court in permitting it to be filed."

In the instant case defendant contends that plaintiff should not have been permitted to file an amended pleading stating a different cause of action. Such an argument was answered in *Vick* v. *Grasser*, 169 Cal.App.2d 692 [338 P.2d 223], where the trial court had denied plaintiff the right to file an amended pleading. In reversing the trial court, the appellate court said, at page 700: ". . . we are convinced that the trial court erred in not permitting the second amended complaint to be filed. We believe that the trial court denied the motion to file the amended complaint because it was under the impression that the proposed amended complaint was setting up an entirely new and different cause of action and that therefore it had no right to permit said amended complaint to be filed. We believe that the trial court did have a right to permit the filing of the amended complaint and that it was an abuse of discretion to deny such permission. For

basically both the amended complaint which it sought to file at the conclusion of the trial and the complaint which was the basis of the trial were the same. The only difference was that in the complaint filed before trial fraud was the basis of the complaint and in the amended complaint sought to be filed at the conclusion of the case mistake was the basis of the complaint. However, both concerned the same transaction. The difference was that in the second relief was sought on the basis of mistake rather than fraud. . . . Under such circumstances, when at the conclusion of the taking of testimony plaintiffs' counsel moved for leave to amend the complaint to conform to proof, the motion should have been granted. For as this court said in *Feigin* v. *Kutchor*, 105 Cal.App.2d 744 [234 P.2d 264], at page 748: 'The administration of justice is not improved by slavish adherence to technical rules of pleading, but counsel and court should cooperate in having the pleadings so shaped that the controversy between the parties litigant may be fully and fairly determined upon its merits and in accordance with substantial justice.' ''

The amended complaint to conform to proof shows facts sufficient to constitute a cause of action. The facts as pleaded (and which have been stated above) establish the basic elements for the establishment of a constructive trust as follows: (1) the physical condition of the mother, being elderly and seriously ill at the time the instrument was executed; (2) the confidential relationship existing between mother and son when the deed was signed; (3) the false representations by the son that the deed carried out the mother's plan, when in fact it did not; (4) the fact that the mother had no independent advice but relied entirely upon the son and the son's attorney; (5) the fact that no consideration was given by the son for the deed; (6) the unexplained transfer of the property to the son's wife Nellie who likewise gave no consideration for the deed. Upon the basis of such alleged facts and upon the basis of the findings of the trial court which were supported by substantial evidence, defendant, as the surviving wife and donee from plaintiff's son, would hold such property as a constructive trustee for plaintiff.

Section 2224, Civil Code, provides as follows: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.''

A constructive trust is defined in *Estrada* v. *Garcia*, 132 Cal.App.2d 545 [282 P.2d 547], at page 552, as follows: ". . . the constructive trust rests upon fraud or wrongdoing, and trusts of this nature are not primarily based on the intention of the parties, but by equitable principles and operation of law are forced on the conscience of the trustee. In the creation of a constructive or involuntary trust, as defined by section 2224 of the Civil Code, the only conditions necessary are those stated in that section. Conceding that some facts essential to a resulting trust, as that term is usually applied, are lacking in the case at bar, the facts shown in the record before us are amply sufficient, under long recognized equitable principles, to establish that form of constructive trust based upon fraud or wrongdoing. Founded on the principle that no one may take advantage of his own wrong, the rule just enunciated extends to practically any case where there is a wrongful acquisition or detention of property to which another is entitled."

While defendant Nellie J. Nevarez did not know of the conveyance to her by her husband Solomon until after his death, the court found that she was present when plaintiff executed the deed in 1949, was familiar with the form and content of such deed, and also that she did know of plaintiff's wishes in the matter. Having received the property as a grantee from her husband Solomon without payment of any consideration therefor, she holds the property as constructive trustee for plaintiff.

The essence of the constructive trust theory is to prevent unjust enrichment and to prevent a person from taking advantage of his own wrongdoing. This equitable principle is applicable in the instant case as defendant Nellie J. Nevarez stands in the shoes of her deceased husband Solomon. The holding that she is a constructive trustee for plaintiff will prevent unjust enrichment.

Defendant further contends that plaintiff's cause of action is barred both by the statute of limitations and by the doctrine of laches. If an action to impose a constructive trust is based on fraud or mistake it is governed by the three-year statute under section 338, subdivision 4, Code of Civil Procedure. The action is commenced in time if the complaint is filed within three years after discovery of the facts constituting the fraud or mistake. Thus, in *Ransom* v. *Wallace*, 94 Cal.App.2d 723 [211 P.2d 339], it appeared that an aged man with faulty understanding signed a paper he thought was

a power of attorney but which he later learned was a deed. The court held the action was not barred by the statute of limitations where the action was filed within a short time after plaintiff discovered he had executed a deed rather than a power of attorney.

In the instant case there was evidence before the court that plaintiff did not discover the true nature of the deed which she had executed in favor of her son Solomon until the year 1956 in connection with the payment of taxes on the property. The original action was filed shortly after this discovery in the same year, 1956.

While the theory of the action was later changed from quiet title to one for declaration of a constructive trust, the gist of the action was the same, it being based upon the same transaction and, under the line of cases now well established, the amended complaint is not barred, the action having been filed within the period permitted by the statute. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]; *Brooks* v. *E. J. Willig Truck Transp. Co.,* 40 Cal.2d 669, 681 [255 P.2d 802]; *Barr* v. *Carroll,* 128 Cal.App.2d 23, 27 [274 P.2d 717].)

Likewise, the defense of laches is not applicable to the instant case. Laches is not a defense to an action to impose a constructive trust where the defendant has not changed his position and will suffer no detriment if the right asserted is enforced against him. In *South* v. *Wishard,* 146 Cal.App.2d 276 [303 P.2d 805], it was held that in an action to impose a constructive trust the statute of limitations does not commence to run until the plaintiff either has knowledge of the fraud involved or is charged with notice of facts that would have led to the discovery. On the subject of laches the court said (pages 288-289) : "The doctrine of laches does not rest upon the mere lapse of time. There are other tests of its applicability. The usual question is whether the lapse of time has resulted in some detriment to the one who seeks protection under the doctrine, or will suffer detriment if the right asserted is enforced against him. If he has done nothing or omitted nothing to alter his position with respect to the claim or right asserted, the defense of laches cannot be successfully maintained."

In the instant case defendant Nellie J. Nevarez has not changed her position and she has been fully aware of plaintiff's claim to the property since the original action was filed

in 1956, shortly after the death of her husband. The defense of laches is not applicable and cannot be relied upon by defendant.

The judgments appealed from are affirmed.

Burke, P. J., and Jefferson, J., concurred.