**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

THEODORE BRIAN SCHECTER,
        *Defendant,*

v.

LEE PARSONS,
        *Claimant-Appellant.*

No. 00-1707

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-362-CCB)

Argued: April 3, 2001

Decided: May 24, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Michael and Judge Motz joined.

---

## COUNSEL

**ARGUED:** Steven Richard Freeman, FREEMAN, WOLFE & GREENBAUM, P.A., Towson, Maryland, for Appellant. Susan Leslie Strawn, Trial Attorney, Office of Consumer Litigation, Civil Divi-

sion, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** David W. Ogden, Assistant Attorney General, Lynne A. Battaglia, United States Attorney, Office of Consumer Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

In connection with the criminal forfeiture to the United States of real property known as 4 Franklin Valley Circle, Reisterstown, Maryland, Lee Parsons filed a petition, asserting a third-party interest in the property, pursuant to 21 U.S.C. § 853. Parsons contends that the owner of the forfeited property was in default of a prior-recorded land installment contract with Parsons, thus giving Parsons a "superior" interest in the property. He also contends that in any event he reacquired the property as a "bona fide purchaser for value" without knowledge of the forfeiture. Because the United States has fully compensated Parsons for his interest in the property, we affirm the district court's summary judgment entered in favor of the United States.

I

On August 8, 1997, a jury convicted Theodore Schecter of multiple crimes, including money laundering. The jury also returned a special verdict finding that Schecter used illegally laundered money to purchase 4 Franklin Valley Circle and therefore forfeited the property to the United States pursuant to 18 U.S.C. § 982(a)(1). The district court ordered the forfeiture on December 29, 1997, subject to claims of third persons to protect their interests in the property.

After receiving written notice of the forfeiture from the United States, Lee Parsons filed a timely petition claiming legal title to the property, or alternatively, a security interest in the property as seller of it to Schecter pursuant to a land installment contract dated November 24, 1987, which Schecter later breached. He also claimed that he reacquired the property subsequent to forfeiture as a bona fide pur-

chaser for value without knowledge of the forfeiture. In response to Parsons' petition, both parties filed motions for summary judgment, and the relevant facts presented by the parties' papers are uncontroverted.

Lee Parsons — along with his wife, whose interest Parsons later obtained when the two were divorced — acquired 4 Franklin Valley Circle in 1980. In connection with Parsons' purchase of the property, Parsons borrowed a portion of the purchase price and secured the loan with a mortgage recorded against the property.

On November 24, 1987, Parsons sold the property to Theodore Schecter for $170,000 by means of a land installment contract, which the parties recorded in the land records of Baltimore County. The contract required Schecter to make a down payment of $60,000 and an "additional down payment" of $38,000 by February 5, 1988. It also required Schecter to pay Parsons 84 monthly installments of $1,013 each. Under the contract, Parsons retained the obligation to pay off his original mortgage.

By March 1994, Schecter had fulfilled a substantial portion of his obligation under the land installment contract. He had paid the initial down payment of $60,000 and 75 of 84 monthly payments. He had failed, however, to make 9 of the 84 monthly payments, as well as the "additional down payment" of $38,000. Thus, by March 1994, Schecter had paid Parsons $135,975, but still owed him $47,117.

In March 1994, Schecter left the property and Parsons moved back into it. According to Parsons, Schecter had run the property down and was misusing it, violating the provisions of both the land installment contract and Baltimore County zoning laws. After Parsons moved back in, he spent over $25,000 to restore the property. He also undertook to pay the property taxes and insurance.

Unknown to Parsons, before March 1994, while Schecter was in possession of the property, Schecter committed numerous federal money laundering and conspiracy offenses, giving rise to his federal criminal convictions and to the forfeiture of his interest in 4 Franklin Valley Circle.

After Parsons filed his petition for a hearing to adjudicate his claimed interest in the property, the parties agreed to, and the court approved, a sale of the property in September 1998 to a third party for $200,000. From the proceeds, $59,481.65 was allocated to pay Parsons' mortgage and $10,043.50 to pay settlement costs. The United States holds the remaining $130,474.85 in escrow, pending resolution of this case.

On cross-motions for summary judgment filed by the parties, the district court concluded that Parsons had "not met his burden" under 21 U.S.C. § 853(n)(6) of establishing either (1) that he had an interest in the property that was superior to that of the United States or (2) that he was a bona fide purchaser for value without cause to believe that the property had been forfeited. The court therefore ruled that the United States was entitled to retain the entire amount held by it in escrow. From the district court's judgment denying Parsons' motion for summary judgment and granting the United States' motion for summary judgment, Parsons noticed this appeal.

II

Parsons contends first that because the deed to the property remained recorded in his name throughout the period during which Schecter committed his illegal acts, he has continuously retained a right to the property that was superior to the effect of forfeiture. Parsons contends alternatively that he should at least be given a "partial interest" in the property represented by the amount that Schecter owed him on the land installment contract plus what he invested in it to restore it after he reoccupied it. He argues that the district court's "all or nothing" approach was inconsistent with the forfeiture statute. Finally, he contends that when he returned to the property in March 1994, he in essence re-purchased the property through an implied transaction created by Schecter's abandonment of it and Parsons' acceptance of it without requiring any further payments from Schecter. Parsons claims that, through this implied transaction, he became a "bona fide purchaser for value" who cannot be deprived of his interest even by operation of a prior forfeiture. We address Parsons' points in order.

Under the terms of 21 U.S.C. § 853(n)(6), a third-party petitioner can assert an interest in forfeited property in either of two ways. He

may demonstrate that (1) he "has a legal right, title, or interest in the property . . . [that] was vested in [him] rather than the [criminal] defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section," *id.* § 853(n)(6)(A); or (2) he "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section," *id.* § 853(n)(6)(B). The term "legal interest in the property" encompasses "all legally protected rights, claims, titles, or shares in real or personal property." *United States v. Reckmeyer*, 836 F.2d 200, 205 (4th Cir. 1987). Thus, a petitioner may succeed in his claim against forfeited property if he can demonstrate that he had such a "legal interest" in the property at the time it was forfeited and that this interest "exist[ed] in the property subject to the forfeiture." *Id.* A forfeiture is effective at the time of the commission of the act giving rise to the forfeiture. *See id.* at 203; 21 U.S.C. § 853(c).

On Parsons' first argument that, because the recorded deed to the property remained in his name throughout the time that Schecter's illegal acts were occurring, he retained a "legal interest" in the property superior to Schecter's, Parsons fails to recognize the nature of his interest in the property under Maryland law. When Parsons sold 4 Franklin Valley Circle to Schecter in 1987 under a recorded land installment contract, he conveyed the property to Schecter, retaining only a security interest. Schecter received equitable title to the property, *see Russ v. Barnes*, 329 A.2d 767, 769 (Md. App. 1974), and Parsons retained legal title only to secure Schecter's obligations, *see* Md. Code, Real Prop. Art. § 10-101(b)(2). Parsons' security interest functioned under Maryland law in a manner similar to a lien created by a deed of trust or a mortgage. *See* Md. Rule 14-201(b)(5). Thus, although Parsons retained legal title to the property, which was indeed superior to any interest forfeited by Schecter, that legal title only provided Parsons with the right to enforce Schecter's obligation under the land installment contract. If Parsons wished to enforce Schecter's obligations and obtain an interest in the property greater than this lien or security interest, Parsons would have had to foreclose the lien pursuant to the procedures established in the Maryland Rules. *See* Md. Rules 14-201 *et seq.*

At the same time, when Parsons held this lien to secure repayment of the outstanding $47,117, he retained an obligation under the terms of the land installment contract to discharge the mortgage recorded against the property in 1980. It appears from the land installment contract that the parties intended that Schecter's monthly payments would finance Parsons' payment of the mortgage. The amounts of the installments under the contract were geared to the monthly amounts owed by Parsons on his mortgage. Moreover, the contract provides explicitly that "the Seller, upon receipt from Buyer of the above-stated payment and the annual charges set forth below, shall directly apply said payments, on a monthly basis, to the payments due on the outstanding mortgage between the seller as Mortgagor and the Lomas and Nettleton Company as Mortgagee." At bottom, however, by the terms of the contract, payment of Parsons' mortgage remained Parsons' obligation, and Schecter did not assume any responsibility to discharge that mortgage.

Accordingly, when Schecter committed the illegal acts for which he was convicted — at a time when he was occupying 4 Franklin Valley Circle and making payments under the land installment contract — a forfeiture of his interest in the property became effective. *See* 21 U.S.C. § 853(c) (providing that forfeiture occurs "upon the commission of the act giving rise to forfeiture under this section"). This forfeiture did not, however, adversely affect Parsons' preexisting interest, which at the time was a lien to secure payment of the balance of the amounts due under the land installment contract — i.e., $47,117. But at the same time, Parsons was obliged under the contract to discharge the mortgage placed on the property when he first purchased it in 1980.

When the property was sold in 1998 for $200,000 by agreement of the parties, both Parsons' interest in the property and his obligation to pay the mortgage were recognized. At the settlement, $59,481.65 of the $200,000 proceeds were distributed on behalf of Parsons to discharge the mortgage. And because this payment exceeded Parsons' interest in the property by more than $12,000, he was paid in full the sums to which he was entitled. He therefore cannot now succeed in his claim to more, and the district court's order denying him any further distribution from the proceeds in escrow was correct.

Parsons argues that he should nevertheless recover the amounts he invested in the property to restore it after he reoccupied the property in March 1994. At that time, however, Parsons was at most a volunteer with respect to the property which had last belonged to Schecter and had been forfeited to the United States. His payment of expenses to restore the property could not become a lien against the property unless he reduced his reimbursement claim to judgment, which would operate as a lien against the property, *see* Md. Rule 2-621, or unless he obtained a lien by reason of some statute such as the mechanics' lien law, *see* Md. Code, Real Prop. Art. § 9-101 *et seq.*

Parsons relies on *Reckmeyer* for the proposition that any claim against Schecter's estate can be recovered against Schecter's forfeited property. But in *Reckmeyer*, the claimants were only able to recover because the defendant's "entire estate ha[d] been forfeited," which "[i]n practical terms" meant that "petitioners' interests necessarily l[ay] within that estate." 836 F.2d at 206. The *Reckmeyer* court recognized that in a case like this one, involving forfeiture of only a specific item of defendant's property, claimants would often find themselves unable to prevail because their interests would not lie in the specific property subject to the forfeiture order:

> Section 853 requires more than a showing of a legal interest in the debtor's property. *It requires that the interest exist in the property subject to forfeiture.* This second hurdle may well prove fatal to the claims of a number of general creditors. Although general creditors can claim an interest in their debtor's estates, they cannot claim an interest in any particular asset that makes up that estate.

*Id.* at 205-06 (emphasis added).

Parsons' second argument that the district court should not have ruled in a manner that effected an "all or nothing" award to Parsons is disposed of by our earlier discussion. Again, the district court did not adopt an "all or nothing" approach. Rather, it affirmed the settlement of the sale to a third party, giving Parsons credit for over $59,000 to discharge his mortgage, which was greater than his $47,117 interest in the property.

Finally, Parsons argues that when he reentered the property in March 1994, he became a bona fide purchaser for value. But he is unable to direct us to any express *written* agreement that conveyed to him an interest in real property, as required under Maryland law. *See* Md. Code, Real. Prop. Art. § 5-103. Absent an agreement, Parsons, as a seller under a land installment contract, could repossess the property only pursuant to a foreclosure proceeding. *See* Md. Rule 14-201(a) (providing that "[t]he procedure set forth in these Rules shall provide the sole remedy for the vendor for repossession of property sold under a land installment contract executed pursuant to Code, Real Property Article, Title 10, subtitle 1 or its statutory predecessor"). Because Parsons has never produced any purchase contract between him and Schecter, he cannot claim that he was a bona fide purchaser for value when he reentered the property in March 1994.

In sum, because Parsons' interest in the forfeited property was recognized in the settlement that yielded the proceeds now held by the United States in escrow, he is not entitled to any further payments. Accordingly, the judgment of the district court is

*AFFIRMED.*