<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 05-4834**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENEE FRIEDMAN JONES,

Defendant - Appellant.

---

**No. 05-1887**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

POLA FRIEDMAN,

Claimant - Appellant,

and

RENEE FRIEDMAN JONES,

Defendant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-04-71)

Submitted: August 23, 2006          Decided: September 18, 2006

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellants. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Renee Friedman Jones appeals her conviction for producing false identification documents in violation of 18 U.S.C. § 1028(a) (2000), money laundering in violation of 18 U.S.C. § 1956(1)(B)(I) (2000), and making a false statement to a federal agent in violation of 18 U.S.C. § 1001 (2000). Finding no error, we affirm.

Jones, a driver's license examiner at the North Carolina Department of Motor Vehicles, conspired with Isidro Ramos to issue identification documents to non-qualifying people for money. She claims that the district court denied her ability to present a defense when it did not admit portions of her diary, a letter of commendation and other documentary evidence. Evidentiary rulings are reviewed for abuse of discretion. United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003). Defendants have a constitutional right to present evidence in their favor, but "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." Id. (citing Taylor v. Illinois, 484 U.S. 400, 408 (1988)). The documents Jones sought to admit related to her role in helping investigate DMV employee Monica Cody's illegal issuance of driver's licenses. The documents are irrelevant because the Cody investigation occurred prior to Jones' crimes and were unrelated to the charges against Jones. The documents were also cumulative

because Jones and two DMV officials all testified about her role in the Cody investigation. The district court did not abuse its discretion by declining to admit the documents.

On the second day of the trial, the local newspaper ran a story describing Jones' case. Jones did not raise any motions or issues related to the article, but the district court cautioned the jury to base its verdict only on the evidence presented at trial and not on the contents of the article. Jones now claims that the publicity denied her ability to receive a fair trial. As Jones did not raise this issue below, this court reviews this claim for plain error. United States v. Olano, 507 U.S. 725, 732-34 (1993). Jurors are presumed to be impartial and only in extreme circumstances may prejudice to a defendant's right to a fair trial be presumed from the existence of pretrial publicity itself. Wells v. Murray, 831 F.2d 468, 472 (4th Cir. 1987). "It is the defendant's responsibility to demonstrate a strong possibility of jury bias. . . . [I]t is not sufficient to simply allege adverse publicity without a showing that the jurors were biased thereby." Id. Jones has merely alleged adverse publicity without any showing that the jurors were biased. Jones fails to prove any prejudice from the publicity.

After Jones' conviction, the district court entered an order of forfeiture for her interest in a $30,000 plot of land. Jones does not challenge the forfeiture order, but her mother, Pola

Friedman, filed a timely petition seeking to recover a portion of the value of the lot. She contended that she gave Jones small amounts of money each month over a five year period totaling $12,500 for the purpose of buying a home. The district court ruled that Friedman failed to prove any legal interest in the property and lacked standing to challenge the forfeiture order. This court reviews a district court's dismissal for lack of standing de novo. See Marshall v. Meadows, 105 F.3d 904, 905-06 (4th Cir. 1997).

A third party seeking to assert an interest in forfeited property bears the burden of proving by a preponderance of the evidence that either: (1) she has a legal right, title or interest in the property; or (2) she is a bona fide purchaser for value of the right, title, or interest. 21 U.S.C. § 853(n)(6); United States v. Schecter, 251 F.3d 490, 494 (4th Cir. 2001). The term "legal interest in the property" encompasses "all legally protected rights, claims, titles, or shares in real or personal property." United States v. Reckmeyer, 836 F.2d 200, 205 (4th Cir. 1987).

Friedman was not a bona fide purchaser for value and has no title interest in the property because her name does not appear on either the sales contract or the deed. A legitimate third-party petition in forfeiture requires "that the interest exist in the property subject to forfeiture." Reckmeyer, 836 F.2d at 205. Friedman states that she gave the money to Jones to buy a home, but offers no evidence to prove that the small amounts of money given

over the course of five years were actually used to purchase the property. Friedman failed to link or trace her money to the forfeited property. See Reckmeyer, 836 F.2d at 206 n.3. In addition, as an unsecured, general creditor of Jones she does not have a protected legal interest against the forfeited property under § 853(n)(6)(A). See Schecter, 251 F.3d at 496; Reckmeyer, 836 F.2d at 206. Friedman finally contends that she has an interest in equity because the money given to Jones constituted a resulted trust. Even if Friedman had a trust with Jones, the trust is merely a general unsecured trust for $12,500 and not related to the forfeited property. Friedman failed to prove her money was used to purchase the land and as a result did not establish an interest, legal or equitable, in the forfeited property

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED