**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1959

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

PETR BUK,

Claimant – Appellee,

and

BRUNO CAVELIER D'ESCLAVELLES,

Defendant.

No. 07-1960

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

PETR BUK,

Claimant – Appellant,

and

BRUNO CAVELIER D'ESCLAVELLES,

Defendant.

**No. 08-1470**

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

BRUNO CAVELIER D'ESCLAVELLES,

Defendant,

and

PETR BUK,

Petitioner – Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:06-cr-00235; 1:06-cr-00235-GBL-2)

Argued: December 4, 2008                    Decided: March 5, 2009

Before WILLIAMS, Chief Judge, and SHEDD and AGEE, Circuit Judges.

Affirmed in part, reversed in part, and vacated in part by unpublished opinion. Judge Shedd wrote the opinion, in which Chief Judge Williams and Judge Agee joined.

**ARGUED:** Stefan Dante Cassella, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for the United States. Steven Joseph McCool, MALLON & MCCOOL, L.L.C., Baltimore, Maryland, for Petr Buk. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Karen Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for the United States.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Petr Buk filed a petition pursuant to 21 U.S.C. § 853 asserting a third-party interest in property forfeited to the United States. The district court imposed a constructive trust, recognized Buk as the beneficiary, and concluded that Buk possessed a superior interest in the forfeited property under § 853. For these reasons, the court awarded Buk $125,000 plus attorneys' fees. The government appeals this determination. Buk cross-appeals, claiming that in addition to the constructive trust, he should recover the forfeited property under a bailment theory. Because we find that Buk has no superior interest under § 853(n)(6)(A), we reverse the district court's award of the $125,000 and attorney's fees.

I

In 2006, Buk invested $125,000 in a new film ("Cell Game") being developed by filmmaker Fabien Pruvot. Buk and Pruvot entered into an agreement (the "Investment Agreement") specifying that the $125,000 was to be used "for development of Feature Films only," that the funds could not be spent without Buk's written consent, that Buk was to receive 15% of the film's net profits, and that Buk could take the funds back at any time with 14 days notice. J.A. 104. Pruvot personally guaranteed the $125,000 and Buk's investment was deposited into a Bank of

4

America account held by Cell Game, LLC ("the Cell Game Account").

Later in 2006, Pruvot and his associate Bruno Cavelier D'Esclavelles pled guilty to conspiracy to commit money laundering and agreed to forfeit the property involved in the conspiracy.[1] When the funds that were directly traceable to the offenses could not be located, D'Esclavelles and Pruvot agreed to forfeit the funds in the Cell Game Account as a substitute asset under 21 U.S.C. § 853(p). The district court entered Consent Orders of Forfeiture and the contents of the account ($125,670.19) were sent to the United States Marshals Service. Pursuant to § 853(n), Buk petitioned the court for a hearing to adjudicate his interest in the forfeited property.

At this ancillary proceeding, Buk argued that because the $125,000 was a bailment, rather than an investment, he retained title to the property. Alternatively, Buk argued that he should recover the $125,000 as the beneficiary of a constructive trust. Although the district court held that Buk was not a bailor, it imposed a constructive trust and declared Buk as the beneficiary. The court found that Buk was thus entitled to the $125,000 in the Cell Game Account. J.A. 179. In a separate

---

[1] The Cell Game Account was controlled by Pruvot and D'Esclavelles. D'Esclavelles also pled guilty to conspiracy to distribute Ecstasy.

opinion, the court granted Buk $17,322.50 in attorney's fees for substantially prevailing in a civil proceeding to forfeit property under federal law pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2465(b)(1)(A).

The government appealed the imposition of the constructive trust and the grant of attorney's fees; Buk cross-appealed the district court's rejection of his bailment theory. We consolidated the appeals and designated the government as the appellant.

## II

### A.

In an ancillary proceeding where a third-party seeks to recover criminally forfeited assets, we review the district court's factual findings for clear error and its legal interpretations de novo. See United States v. Morgan, 224 F.3d 339, 342 (4th Cir. 2000).

### B.

18 U.S.C. § 982(a)(1) requires criminal defendants convicted of violating the federal money laundering statutes to forfeit any property involved in the offense. If the property directly traceable to the offense "cannot be located upon the exercise of due diligence," the district court shall order other property of the defendant to be forfeited as a substitute asset. § 853(p)(1)(A); § 853(p)(2). Following the entry of such an

6

order, a third party "asserting a legal interest in property which has been ordered forfeited . . . [may] petition the court for a hearing to adjudicate the validity of his alleged interest in the property." § 853(n)(2). The court must amend the order of forfeiture if it finds that the third-party petitioner has a "legal right, title, or interest in the property" that was "superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section[.]" § 853(n)(6)(A).[2] Simply put, Buk's claim can succeed if he establishes a legal interest as bailor of the property or beneficiary of the constructive trust, because such interest would be superior to the defendants' interest at the time of the acts resulting in forfeiture. United States v. Schecter, 251 F.3d 490, 494 (4th Cir. 2001).

Within the context of § 853(n)(6), the legal interest of a third party is determined by state law. See id. (applying Maryland law to determine what interest a third party claimant retained in forfeited property). In this case, California law

---

[2] There is also a "bona fide purchaser" exception, § 853(n)(6)(B), which does not apply in this case.

applies.[3]  Once the legal interests have been defined under state law, however, federal law determines whether they are sufficient for the third-party petitioner to prevail under § 853(n)(6). See United States v. Lester, 85 F.3d 1409, 1413 (9th Cir. 1996).

C.

Although Buk's $125,000 transfer to Pruvot was styled as an "investment," Buk contends that it was in fact a bailment because he delivered the funds for the specific purpose of developing the film and could have recalled the money at any time.  We disagree.

Under California law, a bailment is property delivered "for some particular purpose . . . that after the purpose has been fulfilled it shall be redelivered to the person."  Meyer Koulish Co. v. Cannon, 213 Cal. App. 2d 419, 427 (Cal. Dist. Ct. App. 1963).  The bailor ordinarily retains title in the bailed property and a bailor generally may assert title against any third party to whom the property has been transferred.  See Calva Products v. Security Pac. Nat'l Bank, 111 Cal. App. 3d 409, 418 (Cal. Ct. App. 1980).  In light of these principles, we hold that Buk was not a bailor under California law.  First, the Investment Agreement did not stipulate that Pruvot would

---

[3] Among other factors, the Cell Game Account was located in California, Buk was a resident of California, and the Investment Agreement was entered into in California.

8

return Buk's funds upon the film's completion; instead, Buk would receive a percentage of earned profits. J.A. 104. In addition, Buk did not retain title to the $125,000 and thus could not have asserted title against third party vendors. Pruvot was free to commingle the funds with other investments, provided that he refund $125,000 (from any source) upon Buk's request. Simply put, Buk made an investment, not a bailment.[4]

D.

Moreover, Buk has not established the conditions necessary for a constructive trust.[5] Under California law, a constructive trust has three elements: (1) the existence of a res (some

---

[4] To the extent that Buk attempts to challenge the government's interest as an unsecured creditor under United States v. Reckmeyer, 836 F.2d 200 (4th Cir. 1987), we find that his challenge fails. Reckmeyer recognized an exception to § 853(n)(6) in cases where the defendant's entire estate has been forfeited. Here, Buk has not shown that the defendant's entire estate was forfeited. See Schecter, 251 F.3d at 496 (distinguishing Reckmeyer when the defendant forfeited a specific item of property, rather than his entire estate).

[5] Although the government argues that federal law is controlling, we agree with Buk and other circuits that state law determines whether a constructive trust should be imposed within the context of § 853(n). See e.g. United States v. Shefton, 548 F.3d 1360 (11th Cir. 2008)(holding that a company was entitled to constructive trust on criminally forfeited property under Georgia law); United States v. Andrews, 530 F.3d 1232, 1238 (10th Cir. 2008)("We recognize that in federal forfeiture proceedings, ownership interests (including constructive trusts) are defined by state law."); United States v. Ribadeneira, 105 F.3d 833, n.5 (2nd Cir. 1997)(declining to impose a constructive trust in the § 853 context because "Appellants have not met the elements required by New York law for a constructive trust[.]")

property or interest in property), (2) the plaintiff's right to that res, and (3) the defendant's gain of the res "by fraud, accident, mistake, undue influence or other wrongful act." United States v. Pegg, 782 F.2d 1498, 1500 (9th Cir. 1986)(citing and applying California Civil Code §§ 2223-24).

Buk has not identified any wrongful act by Pruvot that induced him to part with the $125,000.[6]  Instead, the evidence presented shows that Pruvot asked Buk to invest in the Cell Game Account for the purposes of developing a feature film, and nothing suggests that Pruvot intended otherwise.  Buk cannot point to a misrepresentation by Pruvot regarding the nature or purposes of the investment; further, the acts leading to forfeiture were wholly unrelated to the $125,000.[7]  The fact that

---

[6] Buk suggests that Pruvot's concealment of his criminal activity is the necessary wrongful act.  Such concealment is not the type of conduct contemplated by California constructive trust law.  See e.g. Nevarez v. Nevarez, 202 Cal. App. 2d 596, 602 (Cal. Dist. Ct. App. 1962)(finding a constructive trust where son defrauded mother into unknowingly signing over title to property while she was seriously ill); Saltares v. Kristovich, 6 Cal. App. 3d 504, 516-517 (Cal. Ct. App. 1970)(finding a constructive trust where a joint tenant intentionally causes the death of his co-joint tenant and thereby acquiries the entire property); Cramer v. Biddison, 257 Cal.App. 2d 720, 723-725 (Cal. Ct. App. 1968)(finding a constructive trust where judgment of divorce obligated a father to provide for children in his life insurance policy but he failed to do so).

[7] In his brief, Buk concedes that none of his funds were connected to the underlying criminal activity of Pruvot and D'Esclavelles.

10

Buk's money was ultimately forfeited does not retroactively turn Pruvot's truthful statements to Buk into fraudulent ones. Therefore, we find no constructive trust under California law.

III

Buk cannot show a superior interest in the invested funds, because there was no bailment and there is no properly imposed constructive trust. We therefore find that Buk possesses no protected interest within the meaning of § 853(n)(6)(A). Accordingly, we reverse the district court's award of the $125,000 and attorney's fees.[8]

AFFIRMED IN PART,<br>
REVERSED IN PART,<br>
AND VACATED IN PART

---

[8] CAFRA allows for attorneys' fees when the claimant "substantially prevails." 28 U.S.C. § 2465(b)(1). In light of our disposition of this case, Buk has not substantially prevailed and thus does not qualify for attorneys' fees. We do not reach any further consideration of CAFRA.

11