**472**

UNITED STATES of America

v.

Roberto Ricieri RIBEIRO,
et al., Defendants,

Knex Worldwide, LLC, Petitioner.

Case No. 1:11CR00035.

United States District Court,
W.D. Virginia,
Abingdon Division.

Signed Aug. 13, 2015.

Joseph W.H. Mott, Assistant United States Attorney, Roanoke, VA, for United States.

H.M. Whitesides, Jr., Law Offices of H.M. Whitesides, Jr. P.A., Charlotte, NC, and Jeffrey E. Cox, Law Office of Seaton & Husk, L.P., Vienna, VA, for Petitioner.

## OPINION

JAMES P. JONES, District Judge.

In this criminal case, the defendants, including Belcorp of America, Inc. ("Belcorp"), were subjected to property forfeiture. In a collateral proceeding, the petitioner, KneX Worldwide, LLC ("KneX"),

has asserted an interest in the forfeited property of Belcorp. Following a hearing, the magistrate judge submitted a report recommending that the court dismiss KneX's claim. KneX has timely objected to the magistrate judge's report. Having conducted a de novo review, I adopt the magistrate judge's Report and Recommendation.

Belcorp was a cigarette manufacturer. Pursuant to 21 U.S.C. § 853(n), KneX, a supplier of cigarette manufacturing material and machinery, seeks payment from the forfeited assets of Belcorp to satisfy outstanding invoices due to KneX by Belcorp in the amount of $74,296.67. The outstanding invoices are for goods supplied to Belcorp by KneX.

Regarding the forfeited property, the parties do not dispute that KneX is a general creditor of Belcorp.[1] (*See, e.g.,* Pet. for Adjud. of Int. in Prop. Forfeited & Req. for Hr'g ¶ 15, ECF No. 435.) It is also undisputed that the government did not seize all of Belcorp's property. Rather, the government did not seize relatively low value items, mainly furniture and office equipment. These items had an aggregate value of $17,859, although none of the items individually exceeded the value of $1,000. (Gov't Hr'g Ex. 2, ECF No. 476–2.)

KneX's petition was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After conducting a hearing, the magistrate judge recommended that KneX's claim be denied. More specifically, the magistrate judge concluded that KneX lacked standing to pursue its interest as a general creditor because, under Fourth Circuit precedent, KneX could not establish an interest in any particular forfeited property of Belcorp. KneX has filed an objection to the report, which has been briefed by the parties and is ripe for decision.

I must make a de novo determination of those portions of the magistrate judge's report to which KneX objects. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Crim.P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."). In this case, KneX's objection is directed at the magistrate judge's legal determination that KneX lacks standing.

As an initial matter, KneX has not arranged for the transcribing of the hearing before the magistrate judge as

---

1. In its Petition, KneX also claims an interest as a secured creditor of Belcorp in property represented by invoices for items it supplied. (Pet. for Adjud. of Int. in Prop. Forfeited & Req. for Hr'g ¶ 11, ECF No. 435.) Additionally, KneX asserts in its Petition that the invoiced items or their proceeds are not forfeitable for various reasons. (*Id.* ¶ 12.) These claims were not discussed in the magistrate judge's Report and Recommendation. Moreover, KneX's failure to supply a transcript of the hearing before the magistrate judge makes it unclear if these issues were raised at that time. Regardless, KneX has not raised any objection based on these arguments; therefore, I will consider them waived. *See United States v. Midgette,* 478 F.3d 616, 621–22 (4th Cir.2007) (holding that objections must focus on specific issues, in part because a district court is not responsible for reviewing every issue considered by a magistrate judge).

required under the rules. Fed.R.Crim.P. 59(b)(2) ("Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review."). However, as noted in the Advisory Committee Notes to Rule 59, the waiver provisions of this rule do not affect a district judge's authority to review a magistrate judge's determination. *Cf.* Fed.R.Crim.P. 59 advisory committee's note to 2005 adoption ("[T]he district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed."). Rather, as I have previously stated in an analogous context involving the application of Federal Rule of Civil Procedure 72(b)(2), "[i]n the absence of the required transcript, the plaintiff failed to properly assert his objections.... To the extent the objections rely on factual disputes contained in testimony that is not before this court, the objections are overruled." *Nickles v. Liberty Life Assurance Co. of Bos.*, No. 1:10CV00014, 2011 WL 202464, at *1 (W.D.Va. Jan. 21, 2011); *see also Jain v. Memphis–Shelby Cty. Airport Auth.*, No. 08–2119–STA–dkv, 2010 WL 446989, at *3 (W.D.Tenn. Feb. 1, 2010) (noting that the movant failed to obtain a transcript pursuant to Rule 72, leaving the court to consider the written order and briefing supplied to the court). In this context, the requirements of the civil and criminal rules of procedure are analogous, warranting the application of related case law to this proceeding. *See* Fed.R.Crim.P. 59 advisory committee's note to 2–5 adoption (stating that Rule 59 "is derived in part from Federal Rule of Civil Procedure 72").

More importantly, however, the relevant facts appear uncontested. In short, a transcript of the evidentiary hearing is not necessary to resolve KneX's objection, because there is no dispute regarding the relevant facts. As a result, I am able to perform a de novo review of the magistrate judge's legal conclusion based on the undisputed facts presented in the magistrate judge's report and the parties' briefs.

Pursuant to the criminal forfeiture statute, a person, other than the defendant, who asserts a legal interest in forfeited property may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). If the petitioner is not a bona fide purchaser for value, the petitioner must establish by a preponderance of the evidence that

> the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.

*Id.* § 853(n)(6)(A).

In the Fourth Circuit, general or "unsecured creditors of persons whose property is subject to forfeiture have a 'legal interest' in the debtor's property." *United States v. Reckmeyer*, 836 F.2d 200, 205 (4th Cir.1987) (*Reckmeyer II* ). However, a general creditor's legal interest does not assure standing to challenge the forfeiture of a defendant's assets. *Id.* In this context,

> Section 853 requires more than a showing of a legal interest in the debtor's property. It requires that the interest exist in the property subject to forfeiture. This second hurdle may well prove fatal to the claims of a number of general creditors. Although general

creditors can claim an interest in their debtors' estates, they cannot claim an interest in any particular asset that makes up that estate. That barrier has no impact on the claim of petitioners here, however, because, as the government concedes, the order of forfeiture reaches all the discovered and undiscovered assets of [the defendant] and the government has seized all of his known assets. In practical terms [the defendant]'s entire estate has been forfeited to the government. Because petitioners' interests necessarily lie within that estate, they meet the threshold qualification for relief by asserting a legal interest in the property subject to forfeiture.

*Id.* at 205–06 (footnote omitted).

KneX contends that *Reckmeyer II* must be read in conjunction with an earlier opinion issued in the same criminal proceeding in which the Fourth Circuit noted that the "forfeiture pled in the [defendant's] indictment exempted relatively small possessions, i.e., items having a retail value of less than $1,000 located at the [defendant's] residence." *United States v. Reckmeyer,* 786 F.2d 1216, 1222 (4th Cir. 1986) (*Reckmeyer I* ); *see also Reckmeyer II,* 836 F.2d at 202 (noting that the defendant "agreed to forfeit to the United States virtually all of his assets, both discovered and undiscovered"). Relying on this difference between the two *Reckmeyer* opinions, KneX argues that "all assets," for purposes of standing, actually means all assets valued at over $1,000. KneX argues that this distinction is warranted because it removes the government's incentive to ignore seemingly insignificant assets in an attempt to avoid the interests of legitimate creditors.

■ KneX's argument has some degree of appeal; however, it is unavailing under these circumstances. First, in *Reckmeyer I,* the Fourth Circuit's focus on items with values less than $1,000 was to stress its conclusion that non-criminal funds were presumably used to purchase property exempted from the forfeiture. *Id.* at 1222 ("[T]he forfeiture pled in the indictment exempted relatively small possessions.... These are the only items which [the defendant] arguably might have purchased with any legitimate income he might have received."). Second, I am bound by the clear precedent expressed in *Reckmeyer II,* and the undisputed facts of this case. In *Reckmeyer II,* the Fourth Circuit definitively concluded that all assets had been forfeited. *See* 836 F.2d at 205–06. In contrast, there is no dispute that not all of Belcorp's assets were forfeited. This distinction is determinative in this case.

There is no doubt that *Reckmeyer II* "offers little guidance as to the quantity of one's estate which must be left to avoid the exception" it creates for general creditors. *United States v. French,* 822 F.Supp.2d 615, 618 (E.D.Va.2011). At a minimum, however, it is appropriate to assume that the Fourth Circuit was aware of the factual distinction identified by KneX in the two appeals by the Reckmeyer defendant in reaching its conclusion that all of the defendant's assets were forfeited. Moreover, the *Reckmeyer* exception for general creditors is a minority approach that has been regularly limited to its facts. *See French,* 822 F.Supp.2d at 618; *United States v. $3,000 in Cash,* 906 F.Supp. 1061, 1068–69 (E.D.Va.1995); *United States v. Jaynes,* No. 5:06–CR–54–BR, 2009 WL 129969, at *3 (W.D.N.C. Jan. 20, 2009). Under these circumstances, I do not believe that there is a basis for extending the *Reckmeyer* exception in the way advocated by KneX.

For the foregoing reasons, I will accept the magistrate judge's Report and Recommendation. A separate order will be entered herewith.

## REPORT AND RECOMMENDATION

PAMELA MEADE SARGENT, United States Magistrate Judge.

This matter is before the court on the Petition For Adjudication Of Interest In Property Forfeited And Request For Hearing Pursuant to 21 U.S.C. § 853(n), (Docket Item No. 435), ("Claim"), filed by the Petitioner, KneX Worldwide, LLC, ("KneX"). The Claim seeks payment from the forfeited assets of Belcorp of America, Inc., ("Belcorp"), to satisfy outstanding invoices due to KneX by Belcorp in the amount of $74,296.67, for goods supplied to Belcorp by KneX. A hearing was held before the undersigned on the Claim on June 18, 2015. The matter has been referred to the undersigned for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Under the criminal forfeiture statute, a person, other than the defendant, who is asserting a legal interest in forfeited property, may petition the court for a hearing to adjudicate the validity of the party's alleged interest in the property. *See* 21 U.S.C.A. § 853(n)(2) (West 2013). The petition must be signed under penalty of perjury[1] and must outline the petitioner's right, title or interest in the property and the time and circumstances of the petitioner's acquisition of the right, title or interest in the property. *See* 21 U.S.C.A. § 853(n)(3) (West 2013). To prevail, a petitioner must establish by a preponderance of the evidence that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section....

21 U.S.C.A. § 853(n)(6)(A)-(B) (West 2013). *See United States v. Reckmeyer,* 836 F.2d 200, 203–04 (4th Cir.1987).

In analyzing KneX's Claim, as a threshold issue, the court first must determine whether KneX has the requisite standing to assert its Claim. Under Federal Rules of Criminal Procedure Rule 32.2, these petitions may be dismissed for "lack of standing, for failure to state a claim, or for any other lawful reason." FED.R.CRIM.P. 32.2(c)(1)(A). In considering one of these motions, the court must assume that all facts set out in the petition are true. *See* FED.R.CRIM.P. 32.2(c)(1)(A). "To establish standing under 21 U.S.C. § 853, a petitioner has the burden of showing a present legal interest in the specific property subject to forfeiture." *United States v. French,* 822 F.Supp.2d 615, 617 (E.D.Va. 2011) (citing *United States v. Schecter,* 251 F.3d 490, 495 (4th Cir.2001)).

In this case, on October 18, 2012, this court entered a Preliminary Order of Forfeiture, ("Forfeiture Order"), ordering that certain assets of the defendants[2] in the

---

1. KneX's Claim previously was dismissed by order dated May 27, 2014, for failure to sign under the penalty of perjury, as required by 21 U.S.C. § 853(n)(3). (Docket Item No. 363.) However, by order dated October 27, 2014, this previous order was vacated, and KneX was granted leave to file a properly signed claim out of time. (Docket Item No. 431.)

2. In addition to Belcorp, these defendants included Roberto Ricieri Ribeiro, Mark Richard Spears, Timothy Ross Stewart and Players International Service Corporation.

underlying criminal case, up to the amount of the money judgment, be forfeited to the Government. (Docket Item No. 151). Attached to the Forfeiture Order was a list of the defendants' real estate and personal property ordered forfeited by the court. *See* Attachment A to Forfeiture Order. The parties do not dispute that KneX's status is that of a general creditor of Belcorp.

The Government argues that KneX's Claim fails because KneX, as a general creditor of Belcorp, cannot assert a legal interest in any particular property ordered forfeited by the court. The Fourth Circuit Court of Appeals held in *Reckmeyer* that an unsecured or general creditor of a person whose property is subject to forfeiture does have a legal interest in the debtor's property. *See Reckmeyer*, 836 F.2d at 205. However, the difficulty comes when the creditor is required to show an interest in a particular asset sought to be forfeited. *See Reckmeyer*, 836 F.2d at 206. This difficulty does not arise, however, when, as in *Reckmeyer*, the Government seeks forfeiture of all of a debtor's assets or the debtor's entire estate. Because a general creditor's legal interests "necessarily lie within that estate," the court held that, in such cases, general creditors have standing to oppose forfeiture. *Reckmeyer*, 836 F.2d at 206.

The viability of KneX's Claim, then, turns on whether the Government sought forfeiture of all of Belcorp's assets. If so, then the narrow exception created in *Reckmeyer*, allowing general creditors standing to pursue claims to adjudicate their interests in forfeited property, applies. If not, then the court must find that KneX has no standing to pursue its Claim. In this case, the Forfeiture Order covers a five-page list of assets owned by the defendants, including amounts of currency seized, amounts of tobacco proceeds, numerous financial accounts, numerous vehicles and proceeds from the sales of numerous vehicles, proceeds from the sale of one piece of real property and five other pieces of real property, factory equipment and personal property such as bottles of wine and liquor, books and artwork. Despite this lengthy list of assets to be forfeited, however, the Government steadfastly argues that it is not seeking forfeiture of all of the defendants' assets. Also, while defendant Roberto Ribeiro testified at the hearing that all of his assets were seized, he did not testify that all of Belcorp's assets were so seized. The Government also has offered an unsworn affidavit under penalty of perjury dated May 21, 2014, from Special Agent William C. Duke, with the Bureau of Alcohol, Tobacco, Firearms and Explosives, ("ATF"), stating his belief that "other assets of Belcorp were left at the Belcorp factory and the Players International location, and not sought for forfeiture." (Docket Item No. 361–1, ("Duke Affidavit")). Special Agent Duke concluded "the Government did not seek to forfeit all of the defendants' assets." (Duke Affidavit). Special Agent Duke further stated that he was in the process of reviewing the recordings of the search warrant executions and other materials to determine what further assets were not forfeited, and he would submit a supplemental statement upon completion of such review. (Duke Affidavit). It does not appear that such a supplemental statement has been submitted to the court as of the time of entry of this Report and Recommendation. Despite the Government's failure to supply such supplemental statement, I find that, when taken into consideration with the other evidence on this factual issue, Special Agent Duke's Affidavit tips the scale in favor of the Government. Furthermore, at the hearing, the Government admitted into evidence an inventory of property not seized from the Belcorp factory during the execution of search warrants for that location.

*See* Government's Ex. 2. Again, I find that such evidence tips the scale in favor of the Government on the issue of whether the Government seized all of Belcorp's assets. Lastly, and perhaps most importantly, KneX itself has not supplied the court with any evidence that all of Belcorp's assets were, in fact, seized, and as the party seeking an adjudication of interest in the seized property, it is KneX who bears the ultimate burden of proving the existence of such interest. *See* 21 U.S.C. § 853(n)(2); *see Schecter*, 251 F.3d at 494.

It is for all of the above-stated reasons that I recommend that the court dismiss KneX's Claim.[3]

### RECOMMENDED DISPOSITION

Based on the above, I recommend that the court dismiss KneX's Claim, as it has failed to make the requisite showing of the existence of a legal interest in any of the property ordered forfeited by the court, pursuant to 21 U.S.C. § 853(n)(6)(A), and, therefore, under Federal Rules of Criminal Procedure Rule 32.2(c)(1)(A), KneX lacks standing to bring this Claim to adjudicate its interest in the property ordered forfeited by the Government.

### *Notice to Parties*

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14–day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

Filed July 2, 2015.

---

**3.** There was testimony at the hearing that Robert Dennis Makepeace, the President and Chief Executive Officer of KneX, was present and "listening" during some conversations regarding the underlying fraudulent scheme for which the defendants ultimately were convicted in this case. The court wishes to make clear that it was obvious from Makepeace's presentation during the hearing that he suffers from a quite severe hearing deficiency. Therefore, any testimony regarding Makepeace's presence during discussions of the scheme to defraud the Government, even if deemed credible, does not require the court to conclude that Makepeace was, in fact, aware of and/or complicit in the existence of such a scheme. In fact, the court finds Makepeace's testimony, that he was not present at any such meeting, that he was not aware of the underlying criminally fraudulent scheme and that he entered into only good faith business transactions with the defendants, credible.